IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY PHILLIPS,

   Plaintiff,

-vs-

WELLS FARGO BANK, N.A., a foreign
profit corporation,

   Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, KATHY PHILLIPS, sues the Defendant, WELLS FARGO BANK, N.A., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant WELLS FARGO BANK, N.A., (hereafter "WELLS FARGO'), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims.

3. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.     Plaintiff, KATHY PHILLIPS, is and was at all material times a natural person over the age of eighteen (18), who resides in Tampa, Hillsborough County, Florida.

5.     Plaintiff KATHY PHILLIPS is the "called party" with respect to the calls placed to her cellular telephone number, (813) 965-2347, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

6.     At all times material hereto, Defendant, WELLS FARGO was a foreign corporation with its principal place of business at 420 Montgomery Street, San Francisco, CA 94163, doing business in Florida through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

## FACTUAL ALLEGATIONS

7.     At all times material hereto, Defendant WELLS FARGO sought to collect an alleged debt from Plaintiff KATHY PHILLIPS that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8.     Prior to the conduct at issue in this action, Plaintiff's sister, Sandra L. Phillips (now deceased) owed a mortgage loan debt that was serviced by Defendant WELLS FARGO.

9.     On July 21, 2014, Plaintiff's sister, Sandra L. Phillips, passed away.

10. Subsequent to her sister's death, in or about July of 2014, Defendant WELLS FARGO began initiating calls to Plaintiff's cellular telephone number, (813) 965-2347, in an effort to collect the above described alleged debt owed by Plaintiff's deceased sister, which Plaintiff was at no time legally obligated to pay.

11. Plaintiff notified Defendant, WELLS FARGO of her sister's death and received a response on September 24, 2014 from Defendant, WELLS FARGO, as to the status of the account.

12. Seven days after Defendant, WELLS FARGO's letter of September 24, 2014, Plaintiff received notification from Ronald R. Wolfe & Associates, P.L., that they have been retained to initiate an *in rem* foreclosure action on behalf of Defendant, WELLS FARGO.

13. The Plaintiff allowed the home to return to Defendant, WELLS FARGO, pursuant to their foreclosure action and promptly began receiving calls to her home and cellular telephone numbers in an effort to collect the balance of the loan.

14. Upon answering several of these calls, Plaintiff KATHY PHILLIPS verbally explained that the home was returned to the Bank and that she was not responsible for her deceased sister's mortgage balance, and repeatedly instructed Defendant WELLS FARGO on numerous occasions to cease placing calls to her aforementioned cellular telephone number.

15. Despite Plaintiff's unambiguous instructions that Sandra Phillips is deceased and to stop calling Plaintiff, Defendant WELLS FARGO continued initiating calls to Plaintiff KATHY PHILLIPS' aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

16. Defendant WELLS FARGO intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

17. To date, Plaintiff has received approximately two hundred (200) calls on her aforementioned cellular telephone number from Defendant, and the calls continue through the date of filing of this Complaint.

18. Despite Plaintiff demanding that Defendant WELLS FARGO stop placing calls to her aforementioned cellular telephone number, Defendant WELLS FARGO, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

19. The telephone calls at issue were placed by Defendant WELLS FARGO using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

20. Defendant WELLS FARGO initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. Furthermore, Defendant WELLS FARGO initiated each of the calls at issue to Plaintiff KATHY PHILLIPS' aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Defendant mistakenly believed it had.

22. Additionally, none of the telephone calls at issue were placed by Defendant WELLS FARGO to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

23. Defendant WELLS FARGO consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

24. Defendant WELLS FARGO has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

25. Defendant WELLS FARGO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

26. Despite actual knowledge of its wrongdoing, Defendant WELLS FARGO continued the campaign of harassment and abuse.

27. Defendant WELLS FARGO's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individual's requests to stop calling.

28. Defendant WELLS FARGO's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

29. Defendant WELLS FARGO followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

30. Defendant WELLS FARGO has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

31. Defendant WELLS FARGO has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST WELLS FARGO

32. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein.

33. None of the calls at issue were placed by Defendant WELLS FARGO to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34. Furthermore, Plaintiff revoked any "prior express consent" Defendant BOA had or mistakenly believed it had by:

a. Expressly instructing Defendant in writing to cease and desist all further communication with Plaintiff in relation to the subject mortgage loan, specifically including all phone calls; and

b. Verbally instructing Defendant on numerous occasions to stop placing calls to his aforementioned cellular telephone number.

35. Alternatively, Defendant WELLS FARGO initiated each of the calls at issue to Plaintiff KATHY PHILLIPS' aforementioned cellular telephone number subsequent to

Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

36. Additionally, none of the calls at issue were placed by Defendant WELLS FARGO to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

37. Defendant WELLS FARGO willfully and/or knowingly violated the TCPA with respect to Plaintiff KATHY PHILLIPS by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

38. The TCPA provides Plaintiff with a private right of action against Defendant WELLS FARGO for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff KATHY PHILLIPS respectfully demands judgment against Defendant WELLS FARGO for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST WELLS FARGO

39. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein.

40. At all times material to this action Defendant WELLS FARGO was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

41. Defendant WELLS FARGO engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

42. Defendant WELLS FARGO engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

43. Defendant WELLS FARGO engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

44. The actions of Defendant WELLS FARGO have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant WELLS FARGO for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

>Respectfully submitted,
>
>*/s/David P. Mitchell*
>David P. Mitchell, Esq.
>Florida Bar No. 067249
>MANEY & GORDON, P.A.
>101 East Kennedy Blvd., Suite 3170
>Tampa, Florida 33602
>Telephone: (813) 221-1366
>Fax: (813) 223-5920
>David@MitchellConsumerLaw.com
>D.Mitchell@maneygordon.com
>V.Marrero@maneygordon.com
>Counsel for Plaintiff